UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| CASPER SMITH, | ) |
| Plaintiff, | ) Civil No. 14-117-ART |
| v. | ) |
| | ) **MEMORANDUM OPINION &** |
| CAROLYN W. COLVIN, | ) **ORDER** |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

The plaintiff, Casper Smith, brought this action under 42 U.S.C. §§ 405(g)[1] and 1383(c)(3) to obtain judicial review of the Commissioner's decision to deny him disability insurance benefits. R. 2 at 1. Plaintiff's counsel, however, has not sufficiently developed any of his arguments. While the Court finds two issues forfeited, the Court orders that the plaintiff rebrief the remaining two issues with full development of the arguments, including explanations of the relevant portions of the administrative record and application of the law to the record.

## BACKGROUND

Smith alleges that he has been unable to work since August 24, 2011, due to problems with his neck, back and hip; carpal tunnel syndrome; depression; and anxiety. R. 8-3 at 30 (Admin. Tr. at 30 [hereinafter Tr.]). Due to those medical issues, Smith filed an application for disability insurance benefits on September 20, 2011. R. 8-4 at 73 (Tr. at 173). The

---

[1] Smith cited 42 U.S.C. § 405(a) in his complaint, R. 2 at 1, but § 405(g) is the proper basis for the Court's jurisdiction over this matter.

Social Security Administration denied Smith's application, R. 8-4 at 3 (Tr. at 103), as well as his request for reconsideration, *id.* at 15 (Tr. at 115). Smith then requested a hearing before an Administrative Law Judge (ALJ), *id.* at 28 (Tr. at 128), who denied his claim. R. 8-3 at 28 (Tr. at 28). The Appeals Council denied Smith's request for review of the ALJ's decision, *id.* at 1 (Tr. at 1), and Smith filed his complaint in this Court, R. 2.

The ALJ applied the five-step sequential evaluation process used in Social Security decisions. *See* 20 C.F.R. § 404.1520; *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003; R. 8-3 at 28–37 (Tr. at 28–37). First, the ALJ found that Smith had not engaged in substantial gainful activity since August 24, 2011. R. 8-3 at 30 (Tr. at 30). Second, Smith had the following severe impairments: (1) degenerative disc disease of the cervical and lumbar spines; (2) degenerative joint disease of the hip; (3) carpal tunnel syndrome; and (4) depression and anxiety. *Id.* at 30–33 (Tr. 30–33). Third, Smith did not "have an impairment or combination of impairments" that met or medically equaled one of the Commissioner's listed impairments. *Id.* at 33 (Tr. at 33). Fourth, Smith's residual functional capacity allowed him to perform a reduced range of sedentary work, although he could not return to any of his past relevant work. *Id.* at 33–35 (Tr. at 33–35). Fifth, and finally, given Smith's age, education, work experience, and residual functional capacity, he could perform certain sedentary jobs that existed in significant numbers in the national economy. *Id.* at 36 (Tr. at 36).

## DISCUSSION

The Court plays a limited role in social-security cases. 42 U.S.C. § 405(g). Under the Social Security Act, the Court must determine if the ALJ applied the correct legal

standard and made factual findings supported by substantial evidence in the record. *Id.*; *see also Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (articulating the same standard for judicial review by the court of appeals). Substantial evidence is "more than a scintilla of evidence but less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). In evaluating the ALJ's decision, the Court cannot "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Id.*; *see Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

Smith lists four arguments in support of his summary-judgment motion: (1) the ALJ did not give the appropriate weight to the opinion of Smith's treating physician and therapist, and failed to provide adequate reasoning for those conclusions; (2) the ALJ did not consider the combined effects of Smith's impairments in determining whether Smith was disabled; (3) the ALJ did not analyze the durational requirement of substantial gainful activity; and (4) a reasonable person could not conclude that Smith is not disabled, given the results from his treating physician. R. 9-1 at 1–2.

But Smith does not do much more than list arguments. The Court's standing order for social security benefits cases prohibits plaintiffs from making general allegations without providing specific evidence for their claims. *See* R. 10 at 3–4 (The Court "will not formulate arguments on the parties' behalf," and parties must "provide the Court with specific page citations to the record to support their arguments."). In disregard of the standing order, the brief contains general statements of law without specific application to Smith's case. In fact,

counsel has filed an almost identical brief before this Court in at least three different cases. *See Vanover v. Colvin*, No. 13-CV-00093-DLB, 2014 WL 3659778, R. 11-1 (E.D. Ky. July 23, 2014); *Reid v. Colvin*, No. 13-cv-00036-ART, 2013 WL 3270436, R. 9-1 (E.D. Ky. June 25, 2013); *Treadway v. Astrue*, No. 5:11-cv-00345-DCR, R. 9-1 (E.D. Ky. 2012). It strains credulity that these cases are so similar that they require no more than a sentence or two adjustment to the brief's argument section. Social security plaintiffs rely on counsel to make tailored arguments on their behalf. Filing something akin to a form brief is not what a plaintiff expects. Given the cursory briefing, the Commissioner contends that Smith has forfeited all of his arguments. R. 13 at 3–4. Such a result would harm only Smith, however, while the fault rests with his counsel. The Court must still find two of Smith's arguments forfeited, but orders rebriefing on the other two.

On two issues, Smith offers no development at all and forfeits his argument. First, Smith lists the "durational requirement" in his "Issues Presented," but does not even acknowledge this point in the body of his brief. *See Vanover*, 2014 WL 3659778, at *6–7 (same counsel and same problem); *Reid*, 2013 WL 3270436, at * 6 (same). And perhaps he avoids the subject for good reason: counsel has been warned about this line of argumentation in the past. *See Treadway v. Astrue*, No. 5:11-345-DCR, (E.D. Ky. Jan. 18, 2012) (requiring counsel to identify cases in which he has made this argument, the result before the district court, and any appellate decisions). Indeed, counsel has waged this battle before virtually all the judges in the Eastern District of Kentucky, and come away with defeat every time. *See Clark v. Astrue,* No. 11-260-ART, 2011 WL 6742926, at *4 (E.D. Ky. Dec. 23, 2011). The Court need not rehash the merits again. Because Smith's position is

"unaccompanied by some effort at developed argumentation," the Court finds the claim forfeited. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (internal quotation marks omitted); *see* R. 10 at 4 ("Failure to provide specific citations to the record may constitute grounds for denial of the motion."). The Court will require counsel, if he puts forth the argument again, to disclose every instance he has raised the argument, the result before the Court, and the result on appeal.

Smith's counsel also does not develop the "reasonable person" argument. Smith's "Issues Presented" states that the Court should decide whether "a reasonable person could conclude and justify that plaintiff is not disabled in light of the substantial limitations assigned by the treating physician, supported by overwhelming medical evidence." R. 12-1 at 2. It is unclear if counsel is simply contending that the ALJ's decision was not supported by substantial evidence. *See Cutlip*, 25 F.3d at 286. The Court, however, is not a psychic reading counsel's mind. Because counsel raises this issue "in the most skeletal way, leaving the court to . . . put flesh on its bones," he forfeits the argument. *Kelsey,* 125 F.3d at 996 (internal quotation marks omitted).

Turning to the remaining arguments, a colorable claim may lurk in the record regarding whether the ALJ violated the treating-physician rule and whether the ALJ considered Smith's impairments in combination. But, counsel simply recites legal principles with no application to the facts. The brief asserts that the ALJ failed to comply with the treating-physician rule, but offers no reasons or evidence why that is so. R. 12-1 at 3. While at two points the brief parenthetically cites to the same four pages of the record, counsel offers no attempt to relate those four pages to the law cited in the brief or identify

what on those four pages is relevant. In other instances, counsel provides no record citations to support an argument. For example, the brief proclaims that "[i]t is clear from the record that Plaintiff should have been determined to be disabled." *Id.* at 4. That statement is not followed or preceded by record evidence, nor an explanation of what facts or law lead to the conclusion that Smith is disabled. Likewise, the brief claims that the ALJ did not consider the "cumulative affect [sic]" of Smith's impairments — with no support from the record. Without any actual argumentation on those issues, the Court cannot reach a decision.

Because the Court finds it unjust to Smith to find the entire brief forfeited, the Court orders rebriefing on the treating-physician rule and whether the ALJ considered Smith's impairments in combination. Accordingly, it is **ORDERED** as follows:

(1) The plaintiff's motion for summary judgment, R. 12, is **DENIED** with regard to his durational-requirement argument and reasonable-person argument. Plaintiff's remaining arguments are **DENIED WITHOUT PREJUDICE**.

(2) The defendant's motion for summary judgment, R. 13, is **DENIED WITHOUT PREJUDICE**.

(3) By **Monday, November 10, 2014**, the plaintiff **SHALL FILE** a brief that follows the Court's standing order for social security cases, see R. 10. That brief may contain argument on **ONLY** (1) the treating-physician rule and (2) whether the ALJ considered Smith's impairments in combination. Specifically, counsel **SHALL INCLUDE** in his new brief:

(a) Citations to the record with explanations of the relevance of those citations.

(b) Application of the relevant law to the facts in the record.

(4) Failure to follow the requirements in (3) may result in denial of all claims.

(5) By **Monday, November 24, 2014**, the Commissioner **MAY FILE** a response. If the Commissioner does not file a response, the Court will rely on the Commissioner's current motion for summary judgment.

(6) If counsel for Smith makes the "durational requirement" argument before any judge in the Eastern District of Kentucky, even if presented solely in the issues presented, he **MUST DISCLOSE** how many times he has made the argument, the result in that case, and the result of any appeal.

(7) If counsel files an identical brief in the future, the Court will strike the brief and order plaintiff to obtain new counsel who will give individual consideration to the case.

This the 27th day of October, 2014.

Signed By:
*Amul R. Thapar* AT
United States District Judge